IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BILLIE WIX RUSSELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. CIV-20-469-F |
| | ) | |
| SPENCER DAVIS, Sheriff of Caddo County, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a state pre-trial detainee appearing *pro se,* filed this action for a writ of habeas corpus under 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and the undersigned has undertaken a preliminary review of the sufficiency of the Petition pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[1] For the following reasons, it is recommended the Petition be dismissed without prejudice.

I. Background

Petitioner was arrested on January 21, 2020, and is currently being held as a pre-trial detainee at the Caddo County Detention Center on charges of Aggravated

---

[1] Rule 4 is applied in the discretion of the undersigned to this 28 U.S.C. § 2241 habeas Petition. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

1

Trafficking in Illegal Drugs and Endeavoring/Conspiracy to Deliver/Manufacture/Possess CDS Methamphetamine. Doc. No. 1 at 1; Oklahoma State Courts Network, *State of Oklahoma v. Russell*, Case No. CF-2020-0016.[2] On February 5, 2020, the Arkansas state authorities issued an arrest warrant based on Petitioner's alleged violation of his release agreement related to a previous conviction and sentence in Arkansas. Doc. No. 1 at 1; Doc. No. 1-1 at 1.

With regard to the charges pending in Caddo County, Oklahoma, Petitioner's preliminary hearing was initially set for March 19, 2020. Doc. No. 1 at 2; Oklahoma State Courts Network, *State of Oklahoma v. Russell*, Case No. CF-2020-0016.[3] Prior to that date, the state court reset Petitioner's preliminary hearing to April 16, 2020, in accordance with the Oklahoma Supreme Court March 16, 2020 First Emergency Joint Order Regarding the COVID-19 State of Disaster suspending all deadlines and procedures in state criminal proceedings for 30 days. Doc. No. 1 at 2; Oklahoma State Courts Network, *State of Oklahoma v. Russell*, Case No. CF-2020-0016[4]; SCAD No. 2020-24.[5] On April 2, 2020, the state court reset Petitioner's preliminary

---

[2]  *See* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=caddo&number=CF-2020-00016&cmid=8180.

[3]  *See* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=caddo&number=CF-2020-00016&cmid=8180.

[4]  *See* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=caddo&number=CF-2020-00016&cmid=8180.

[5]  *See* https://www.oscn.net/images/news/SCAD-2020-24.pdf

hearing to June 26, 2020, in accordance with the Oklahoma Supreme Court March 27, 2020 Second Emergency Joint Order Regarding the COVID-19 State of Disaster suspending all deadlines and procedures in state criminal proceedings through May 15, 2020. Doc. No. 1 at 2; *see also* Oklahoma State Courts Network, *State of Oklahoma v. Russell*, Case No. CF-2020-0016[6]; SCAD No. 2020-29.[7]

In the present action, Petitioner complains that it has been 50+ days since his initial appearance and arraignment. Doc. No. 1 at 3. He contends that because of the current COVID-19 pandemic, "the Preliminary Hearing may never take place." *Id.* As a result, Petitioner wants to be released on his own recognizance in order to be extradited to Arkansas. *Id.* at 4. Petitioner also complains about the conditions of confinement within the Caddo County Detention Center, including but not limited to the lack of safety measures in place and/or being followed to prevent the spread of COVID-19, and asserts that any environment would be safer than where he is currently confined. *Id.* at 5-9. Based on all of these factors, Petitioner contends his confinement in Caddo County Detention Center violates his rights under the Fifth, Eighth, and Fourteenth Amendments and he seeks release on his own recognizance

---

[6]   *See* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=caddo&number=CF-2020-00016&cmid=8180.

[7]   *See* https://www.oscn.net/images/news/SCAD-2020-29.pdf.

and/or extradition to Arkansas. *Id.* at 4-5, 9.

II. Screening Requirement

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to promptly examine a habeas petition and to summarily dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing § 2254 Cases. "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 210 (2006). Petitioner has such notice by this Report and Recommendation, and he has an opportunity to present his position by filing an objection to the Report and Recommendation. Further, when raising a dispositive issue *sua sponte*, the district court must "assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits . . . ." *Id.* (quotations omitted); *Thomas v. Ulibarri*, 214 F. App'x 860, 861 n.1 (10th Cir. 2007); *Smith v. Dorsey*, No. 93-2229, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (noting no due process concerns with the magistrate judge raising an issue *sua sponte* where the petitioner could "address the matter by objecting" to the report and recommendation).

III. Analysis

"A threshold question that must be addressed in every habeas case is that of

exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509 (1982).

Although 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement, exhaustion of available state remedies is required for petitions brought under § 2241. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *see Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005) (noting habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available state remedies, absent showing of futility); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). The exhaustion requirement is satisfied when the petitioner "us[es] all steps that the [applicable entity] holds out . . . ." *Woodford*, 548 U.S. at 90. "A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *Garza*, 596 F.3d at 1203.

Petitioner has not exhausted available remedies concerning his habeas claim. Oklahoma affords state prisoners the ability to bring a writ of habeas corpus to seek release from unconstitutional confinement. Okla. Stat. tit. 12, § 1331; *State v.*

*Powell*, 237 P.3d 779, 780 (Okla. 2010); *see also Crank v. Jenks*, 224 F. App'x 838, 839 (10th Cir. 2007) (denying a certificate of appealability for a state prisoner's federal habeas action, wherein he argued for retroactive application of state law affecting his parole, because he had not first filed a habeas action in state court). A review of the applicable docket in Petitioner's state court action reveals that he has not filed a writ of habeas corpus or any similar request seeking release from the Caddo County Detention Center in relation to the current pandemic and/or delays caused by the same. *See* Oklahoma State Courts Network, *State of Oklahoma v. Russell*, Case No. CF-2020-0016.[8] Moreover, a search of Petitioner's name in the dockets for Caddo County and the Oklahoma Court of Criminal Appeals shows he has not filed a habeas action regarding his claims with either of those courts.

As Petitioner has not provided the state courts an opportunity to address his claims, this Court may not consider the same. *O'Sullivan*, 526 U.S. at 842. Accordingly, Petitioner's action should be dismissed without prejudice based on his failure to exhaust state court remedies.

RECOMMENDATION

Based on the foregoing findings, it is recommended this action be dismissed without prejudice based on Petitioner's failure to exhaust state court remedies.

---

[8]   *See* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=caddo&number=CF-2020-00016&cmid=8180.

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by  June 29th , 2020, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling.  *Moore v. United States of America*, 950 F.2d 656 (10th Cir. 1991); *see, cf. Marshall v. Chater,* 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this  8th  day of  June , 2020.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE